## Heirsch & Micotto, Appellees, v. Lorimer & Gallagher Company and O. T. Dunlap Company, Appellants.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed July 21, 1915.

### Statement of the Case.

Action of assumpsit by Heirsch & Micotto, plaintiffs, against the Lorimer & Gallagher Company and the O. T. Dunlap Company, defendants, in the City Court of East St. Louis, to recover on a contract. From a judgment for plaintiffs for $1,558.61, defendants appeal.

The declaration was in one count, declaring specially on the following contract: "It is stipulated and agreed by and between the parties hereto that a mutual settlement of their accounts has been this day arrived at, and that there is due the plaintiffs on an account stated from the defendants by way of compromise and settle-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment, the sum of two thousand two hundred and forty-four dollars and sixty-one cents ($2,244.61), subject to the final acceptance of the work done by the plaintiffs under their contract with the O. T. Dunlap Company in building the sewer on St. Clair Avenue, East St. Louis, Ill., and in consideration of the mutual settlement made as hereinbefore stated the defendants agree to pay to the plaintiffs within the next few days the sum of six hundred and eighty-six dollars ($686.00) cash and to pay the balance of fifteen hundred and fifty-eight dollars and sixty-one cents ($1,558.61) immediately upon acceptance of such work done by the plaintiffs by the City of East St. Louis, and to exercise due diligence in an effort to have the final confirmation and approval of the work on the outlet sewer, including the portion done by the plaintiffs, confirmed and accepted by the City of East St. Louis, Ill.''

Defendants pleaded the general issue, and it was agreed that evidence admissible under any proper special plea might be introduced under the general issue. The case was tried by the court without a jury. The main question at issue was the construction of the contract.

The court gave the following instructions for defendant:

2. ''That it is competent to show on the trial of this case that the city authorities refused to accept the work done by the plaintiffs until after the defendants had expended a certain sum of money in doing the work required of the plaintiffs under their contract with the defendants and required by the contract and the ordinance therein referred to, under which the defendants were doing the work for the City of East St. Louis, and that whatever sum was necessarily expended by the defendants in doing any work originally required of the plaintiffs under their contract with the defendants before the City of East St. Louis could accept the same, may be set off as credit in favor of the defendants against the amount of the plaintiffs' demand.''

566 APPELLATE COURTS OF ILLINOIS.

Heirsch & Micotto v. Lorimer & Gallagher Co. et al., 196 Ill. App. 564.

3. "The Court holds as a matter of law that if after the making of the agreement sued on in this case, the defendants were compelled to incur expense or expend money in finishing, completing, repairing and cleaning up, or in the doing of any other work originally required of the plaintiffs under their contract with the defendants before the City of East St. Louis would accept the work in its entirety done by the plaintiffs, then the defendants would be entitled to set off against the plaintiffs' demand in this case whatever sum the evidence shows was necessarily expended by the defendants in completing, finishing, repairing or cleaning up such work in order to have the same accepted by the City of East St. Louis."

4. "The Court holds as a matter of law that it is competent for the defendants in this case to offer oral testimony to show that the work done by the plaintiffs under their contract with the O. T. Dunlap Company was never accepted by the City of East St. Louis in the condition in which it was on the 25th day of January, 1912, the date of the agreement herein sued on, and the defendants may recoup in this action whatever sum it necessarily expended in the completion, repair or finishing of the work which the plaintiffs undertook to do under their contract with the O. T. Dunlap Company, if the proof further shows that the defendants requested them to complete, repair or finish said work after the making of the agreement on the 25th day of January, 1912, and the plaintiffs failed to do so."

DAN McGLYNN, for appellants.

D. E. KEEFE, for appellees.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. CONTRACTS, § 177*—*what is primary object in construction of.* In construing a contract, the primary object is to discover and give effect to the intention of the parties, so that performance may

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Heirsch & Micotto v. Lorimer & Gallagher Co. et al., 196 Ill. App. 564.

be enforced according to the sense in which parties mutually under-
stood the contract when made.

2. Contracts, § 177*—*what effect given to clear intent of parties
in construction of.* In construing a contract, greater regard should
be had to the clear intent of the parties than to any particular
words used to express such intention.

3. Contracts, § 183*—*when evidence of circumstances leading to
execution of contract admissible to aid in construction of.* Where
a contract does not state on its face sufficient facts to enable the
court to determine its true intent, and the terms of such contract
are uncertain, evidence is competent of the circumstances leading to
the execution of such contract, not as changing or modifying it, but
to enable the court to place itself as nearly as possible in the posi-
tion of the parties when such contract was made so as to understand
the language used in the sense intended by the parties, and thereby
arrive at its true intent, and to enforce the contract accordingly.

4. Contracts, § 183*—*when contract sufficiently uncertain to
authorize admission of evidence of circumstances surrounding mak-
ing of contract.* In an action of assumpsit on a written contract by
which defendants promised to pay a sum of money to plaintiffs,
"subject to the final acceptance of the work done by the plaintiffs
under their contract with O. T. Dunlap Company in building the
sewer on St. Clair Avenue, etc.," contract *held* sufficiently uncertain
in its terms to render competent evidence of the facts and circum-
stances surrounding the making of the contract, in aid of its con-
struction.

5. Contracts, § 294*—*when securing approval of work by city
condition precedent to action by subcontractor against contractor.*
Where contractors agreed to pay subcontractors for work done on a
city sewer contract, "subject to final acceptance of the work," and
the contractors' agreement with the city required that the work be
done to the satisfaction of the Board of Local Improvements, and
the contractors, upon failure of the subcontractors to secure ap-
proval of the work from the board, made the proper corrections and
secured approval of the work, *held* that approval by the city of the
work done by the subcontractor was a condition precedent to a
recovery in an action of assumpsit on the agreement.

6. Contracts, § 171*—*when whole instrument considered in con-
struing.* In construing contracts the whole instrument must be
considered, and such construction given as to give force and mean-
ing to every part of it, if possible.

7. Set-off and recoupment, § 18*— *when contractor may recoup
expense of correcting defects in action by contractor.* In an action
to recover on a contract whereby defendants agreed to pay plain-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

568 APPELLATE COURTS OF ILLINOIS.

Heirsch & Micotto v. Lorimer & Gallagher Co. et al., 196 Ill. App. 564.

tiffs a sum of money on the acceptance by a city of certain work done by plaintiffs in pursuance of a subcontract with defendants, who had a contract with such city for the work, and where it appeared that such city refused to accept the work as done by plaintiffs and only accepted it when defects in plaintiffs' work had been corrected by defendants, the refusal of the trial court to permit defendants to set-off or recoup against plaintiffs' claim the expense of correcting such defects, *held* erroneous, such payments being in such case money laid out and expended for plaintiffs' benefit.

8. CONTRACTS, § 393*—*when instruction as to admissibility of evidence to show nonacceptance of work and right of set-off proper.* In an action by subcontractors against contractors on a compromise agreement for the payment of a sum in settlement for work performed on a city sewer contract conditioned upon acceptance of the work performed by the city, an instruction that it was competent to show that the city refused to accept the work done by plaintiffs until defendants had expended a certain sum in doing the work as required by the agreement, and that defendants might set off such sums necessarily expended, *held* proper.

9. CONTRACTS, § 393*—*when instruction as to right of set-off proper.* In an action by subcontractors against contractors on a compromise agreement for the payment of a certain sum in settlement of work performed on a city sewer contract conditioned upon acceptance of the work performed by the city, an instruction that if the contractor was compelled to incur expense in completing the work originally required of the plaintiffs before the work would be accepted by the city then the defendants were entitled to set off such expenses as had been necessarily incurred, *held* proper.

10. CONTRACTS, § 393*—*when instruction as to admissibility of parol evidence to show nonacceptance of work, and as to right of set-off proper.* In an action by subcontractors against contractors on an agreement to pay a certain sum in settlement for work performed on a city sewer contract and conditioned upon the acceptance of the work performed by the city officials, an instruction that it was competent for defendants to offer oral testimony to show that the work done by plaintiffs had never been accepted by the city in the condition it was in on the date that the agreement sued on was made, and that defendants might recoup necessary expense in completion of the work upon proof that plaintiffs, upon request to complete the work after date of the agreement, failed to do so.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.